BENJAMIN B. WAGNER
United States Attorney
CHRISTOPHER D. BAKER
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:12-CR-00130-AWI-DLB |
| Plaintiff, | PRELIMINARY ORDER OF FORFEITURE |
| v. | |
| UBALDO CASTILLO-HERNANDEZ, | |
| Defendant. | |

Based upon the plea agreement entered into between plaintiff United States of America and defendant Ubaldo Castillo-Hernandez, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), defendant Ubaldo Castillo-Hernandez' interest in the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

   a. Approximately $5,242.00 in United States currency;
   b. One IBM Thinkpad Laptop;
   c. Two thumb drives;
   d. One iPhone 4;
   e. One Metro PCS cellular telephone;

```
            f. Three Epson Stylus printers;
            g. One OKI printer;
            h. Card making supplies;
            i. One wireless modem;
            j. Five paper cutters;
            k. One Cannon scanner;
            l. One Dacetek 500 laminator;
            m. Six LG cellular telephones;
            n. One box business cards;
            o. One Dell computer monitor;
            p. One HTC cellular telephone;
            q. Miscellaneous documents;
            r. Suspect documents;
            s. Three micro SD cards;
            t. One Dell desktop computer;
            u. Three Epson printers;
            v. One Zebra card printer;
            w. Miscellaneous computer parts;
            x. Two Dell laptop computers;
            y. Three Kyocera cellular telephones;
            z. One Fujifilm camera;
            aa. One T-Mobile cellular telephone;
            bb. One iPod, 80GB;
            cc. Six Samsung cellular telephones;
            dd. One Toshiba laptop computer;
            ee. One Gateway laptop computer;
            ff. One Motorola cellular telephone;
            gg. One Cricket cellular telephone;
            hh. One Nikon camera;
            ii. Four counterfeit LPR cards;
            jj. Three counterfeit SSN cards;
            kk. Two laminators;
            ll. One edge cutter;
            mm. Card stock;
            nn. Miscellaneous photographs;
            oo. One Acer laptop computer;
            pp. Three Verizon cellular telephones;
            qq. One Sony Ericsson cellular telephone;
            rr. One Magellan GPS;
            ss. One iPod, 8GB;
            tt. 11 cellular telephones;
            uu. One Sony Cyber-shot camera; and
            vv. One cardboard display with printed flyers.
```

    2.   The above-listed assets represent any property real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly as a result of the commission of a violation of 18 U.S.C. § 371.

    3.   Pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-listed property.

1  The aforementioned property shall be seized and held by the
2  Department of Homeland Security, Immigration Customs Enforcement or
3  Customs and Border Protection Service in their secure custody and
4  control.
5       4.  a.  Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C.
6  § 853(n), and Local Rule 171, the United States shall publish notice
7  of the order of forfeiture.  Notice of this Order and notice of the
8  Attorney General's (or a designee's) intent to dispose of the
9  property in such manner as the Attorney General may direct shall be
10 posted for at least 30 consecutive days on the official internet
11 government forfeiture site www.forfeiture.gov.  The United States may
12 also, to the extent practicable, provide direct written notice to any
13 person known to have alleged an interest in the property that is the
14 subject of the order of forfeiture as a substitute for published
15 notice as to those persons so notified.
16          b.   This notice shall state that any person, other than
17 the defendant, asserting a legal interest in the above-listed
18 property, must file a petition with the Court within sixty (60) days
19 from the first day of publication of the Notice of Forfeiture posted
20 on the official government forfeiture site, or within thirty (30)
21 days from receipt of direct written notice, whichever is earlier.
22      5.   If a petition is timely filed, upon adjudication of all
23 third-party interests, if any, this Court will enter a Final Order of
24 Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §
25 ///
26 ///
27 ///
28 ///

2461(c), in which all interests will be addressed.

IT IS SO ORDERED.

Dated:     November 20, 2012

UNITED STATES DISTRICT JUDGE